UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN HICKERSON,                          Case No.: 26-11159

                           Plaintiff,        Jonathan J.C. Grey
v.                                           United States District Judge

STATE OF MICHIGAN, *et al.*,                 Curtis Ivy, Jr.
                                             United States Magistrate Judge
                           Defendants,
_____/

## ORDER ON MOTION TO APPOINT COUNSEL (ECF No. 2)

Pending before the Court are Plaintiff Jonathan Hickerson's *Motion for Recruitment of Counsel* (ECF No. 2) and *Motion Requesting a Teleconference* (ECF No. 13). On June 11, 2026, the case was referred to the undersigned for all pretrial matters. (ECF No. 12).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 25–27 (1981). Courts will do so only where exceptional circumstances exist or in certain cases only after the resolution of a dispositive motion. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). When assessing whether exceptional circumstances exist to

appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).

As set forth in his verified Complaint, Plaintiff is a permanently blind prisoner incarcerated at the G. Robert Cotton Correctional Facility ("JCF").  (ECF No. 1, PageID.1, 3).  He alleges that Defendants conspired to deny him reasonable accommodation for his blindness in retaliation for verbal complaints and filing a written grievance, specifically, that his access to the Braille and Talking Book Library program was revoked due to retaliatory false allegations made by Michigan Department of Corrections' ("MDOC") Defendants.  (*Id.* at PageID.4–8).  In an attachment to his verified Complaint, Plaintiff states that MDOC "offers no meaningful access to the courts for the blind," he "has no means of hiring counsel to assist [him]," and that he is unable to review correspondence from the courts due to his disability.  (*Id*. at PageID.13.)

On April 9, 2026, Plaintiff moved the Court to appoint counsel.  (ECF No. 2).  In support of his motion, he explains that he is currently incarcerated and is "a completely blind individual with no meaningful access" to MDOC's law library resources, which require sight to access.  Plaintiff also stated he is not comfortable using the MDOC's legal-writers program because it forces him to share sensitive

legal information with other inmates who have regularly shared details received as part of the program with other inmates and MDOC staff.  (*Id.* at PageID.22).  Further, Plaintiff asserts that the case involves complex legal issues related to a conspiracy to retaliate and denial of ADA accommodations, which he lacks the necessary knowledge and experience with the law and procedures to prosecute because he only recently obtained a GED.  (*Id.* at PageID.16–17).  Plaintiff additionally notes that his cellmate drafted the instant motion, but his cellmate has received threats from MDOC Defendants and has declined to assist Plaintiff any further in fear of retaliation.[1]  (*Id.* at PageID.19, 24–26).  Plaintiff believes his circumstances to be exceptional as a blind *pro se* litigant who lacks all ability to conduct legal research, file proper pleadings, navigate federal procedures, or engage in discovery; and he cannot afford counsel.  (*Id.* at PageID.16–20).

Similarly, on June 15, 2026, Plaintiff moved for a teleconference to discuss his lack of access to the Court based upon his disability as well as his pending motion to appoint counsel.  (ECF No. 13).  Of particular note, Plaintiff indicated that District Judge Judith E. Levy has appointed Paul Matouka of Oliver Law Group PC as counsel in a separate case he filed against MDOC and individuals

---

[1] As a side note, Plaintiff indicates that he has not received service of ECF Nos. 2, 6, or 8 in this case.  The Court notes that ECF No. 2 is his motion to appoint counsel and ECF Nos. 6 and 8 are his service of process documents.  As these documents relate to his own submissions, he would not have been served a separate copy by the Court.

who work for or within MDOC.[2]  *See Hickerson v. Washington*, 5:25-cv-12884-JEL-PTM, at ECF Nos. 2, 6–7 (E.D. Mich. Filed Sept. 9, 2025).

Based on Plaintiff's filings and verified Compliant, Plaintiff cannot afford to obtain counsel here.  Moreover, as set forth in his verified Complaint and his motion, there appear to be significant limitations in Plaintiff's ability to represent himself due to his disability of total and permanent blindness and his alleged issues with the MDOC's accommodation of his disability.  Finally, the Court's initial review of the complaint suggests that Plaintiff's claims are not frivolous.  The Court finds that these factors support the need for counsel at this early stage of the case.

Accordingly, it is **ORDERED** that Plaintiff's *Motion for Recruitment of Counsel* (ECF No. 2) is **GRANTED**, and the case will be referred to the Court's pro se case administrator.  The case will be stayed for 45 days, while the Court attempts to obtain pro bono counsel.  If pro bono counsel is not obtained within 45 days, the stay will be lifted, and the plaintiff will proceed *pro se*.

It is further **ORDERED** that Plaintiff's *Motion Requesting a Teleconference* (ECF No. 13) is **DENIED**.

---

[2] The Court notes that Plaintiff has a third pending case before this Court, in which Angelle M. Rothis of Rothis Law PC filed a notice of appearance on Plaintiff's behalf prior to his motion to appoint counsel being ruled on.  *See Hickerson v. State of Michigan*, 2:25-cv-14180-TGB-APP, at ECF Nos. 2, 8 (E.D. Mich. filed Dec. 30, 2025).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 18, 2026.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850