**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jonathan Hickerson,

Plaintiff,

v.

State of Michigan, *et al.*,

Defendants.

______________________________/

Case No. 26-cv-11159

Judith E. Levy
United States District Judge

Mag. Judge Patricia T. Morris

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTION [21] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19]**

On September 30, 2026, Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R&R") (ECF No. 19) recommending the Court: (1) grant in part and deny in part Plaintiff's motion to consolidate (ECF No. 15); (2) deny as moot Defendants' motion to dismiss (ECF No. 11); and (3) order Plaintiff to file a comprehensive amended complaint. Plaintiff Jonathan Hickerson timely filed an objection to the R&R. (ECF No. 21.) Defendants filed a response to the objection. (ECF No. 22.)

For the reasons set forth below, the Court denies Plaintiff's objection (ECF No. 21), adopts the R&R (ECF No. 19), grants in part and denies in part Plaintiff's motion to consolidate (ECF No. 15), denies as moot Defendants' motion to dismiss (ECF No. 11), and orders Plaintiff to file a comprehensive amended complaint by December 23, 2026.

## I. Background

The factual background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 19, PageID.222–223.) As the R&R notes, plaintiff, who is proceeding *pro se*, has been a prisoner in the custody of the Michigan Department of Corrections (MDOC) for over ten years. (*Id.* at PageID.222.) He has been blind since a failed surgery in 2018. (*Id.* (citing ECF No. 1, PageID.1.))

Plaintiff generally alleges that Defendants conspired to deny him reasonable accommodations in retaliation for his verbal complaints and filing written grievances. (*See generally* ECF No. 1.) Plaintiff filed a motion to appoint counsel (ECF No. 2), which was granted (ECF No. 14); however, counsel has not been found, and Plaintiff is therefore proceeding *pro se*. (*See* ECF No. 19, PageID.222.) Plaintiff currently has two additional cases before the Court for which he has successfully been

appointed counsel: *Hickerson v. Washington*, No. 25-cv-12884 (E.D. Mich.) (*Hickerson I*), and *Hickerson v. State of Michigan*, No. 25-cv-14180 (E.D. Mich.) (*Hickerson II*).

Plaintiff filed a *pro se* motion in all three cases seeking to consolidate them pursuant to Fed. R. Civ. P. 42. (*See* ECF No. 15; ECF No. 19, PageID.222–223.) The motions in *Hickerson I* and *Hickerson II* were struck as an improper attempt at hybrid representation. (*Hickerson I*, ECF No. 48; *Hickerson II*, ECF No. 25.) Defendants in this case (*Hickerson III*) oppose consolidation. (*See* ECF No. 16.) Defendants in this case also filed a motion to dismiss or, in the alternative, for summary judgment based on exhaustion. (ECF No. 11.)

Magistrate Judge Morris recommends granting consolidation of *Hickerson I* and *Hickerson III* but recommends against consolidating *Hickerson II*. (ECF No. 29, PageID.223.) Magistrate Judge Morris also recommends denying Defendants' motion to dismiss as moot without prejudice. (*Id.* at PageID.230.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve

proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific

enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III. Analysis

### A. Unchallenged portions of the R&R

Neither party objected to the R&R's recommendation to consolidate *Hickerson I* and *Hickerson III* or to the R&R's recommendation to deny as moot without prejudice Defendants' motion to dismiss within 14 days of service as required. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). The Court has nevertheless carefully reviewed the portions of the R&R recommending consolidation of *Hickerson I* and *Hickerson III* and recommending denying as moot without prejudice Defendants' motion to dismiss and concurs in the reasoning and result. Accordingly, the Court ADOPTS those portions of the R&R (ECF No. 19), GRANTS IN PART Plaintiff's motion to consolidate (ECF No. 15), and DENIES AS MOOT WITHOUT PREJUDICE Defendants' motion to dismiss (ECF No. 11).[1]

### B. Plaintiff's Objection to the R&R

[1] By failing to object to these portions of the Report and Recommendation, the parties have forfeited any further right of appeal. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see also Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019).

Plaintiff's sole objection to the R&R is to the Court's denial of his request to consolidate *Hickerson II* with *Hickerson I* and *Hickerson III*. (ECF No. 21, PageID.236.) Plaintiff includes twenty "points" to support his objection, all of which the Court carefully reviewed.

Point 1 makes the conclusory statement that "Hickerson II is an occurrence that took place, and continues to take place, as an extension of Hickerson I." Point 1 is improper for multiple reasons. First, it restates the very argument upon which Plaintiff's motion to consolidate is predicated (*see* ECF No. 15, PageID.140–141), which is improper. *Coleman-Bey*, 287 F. App'x at 422 (citation omitted). Second, it is vague and disputes the general correctness of the R&R, which is also improper. *Miller*, 50 F.3d at 380. Accordingly, Point 1 is OVERRULED.

Points 2, 6–16, 19, and 20 all essentially reassert the allegations that are the bases of Plaintiff's three cases. But those points fail to identify any factual or legal error with the R&R and are therefore also improper objections. *See id.* ("[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." (citing *Howard*, 932 F.2d at 509)); *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (holding that objections that "simply

identif[y] the discrete claims for which the magistrate judge's recommendations were adverse to [the objector] and then urge[] that they instead be resolved in [the objector's] favor" without specifying the findings believed to be in error are "too general" (quoting *Miller*, 50 F.3d at 380)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). As a result, the objections do not demonstrate that there is a reason the Court should not adopt the R&R. Accordingly, Points 2, 6–16, 19, and 20 are DENIED.

Points 3–5, 17, and 18 are also deficient. Those points describe miscommunications between Plaintiff and counsel; Plaintiff's assertion that had certain circumstances been different, he would have requested consolidation and amendment at an earlier time; Plaintiff's assertion that he "would have requested" that his attorney in *Hickerson II* "recuse herself"; a claim that Plaintiff's attorneys "have conferred . . . and considered a consolidation of Complaints"; and a claim that Plaintiff's attorneys "are in possession of hundreds of pages of documents which may prove a correlation between the MDOC and JC Defendants to prevent reasonable ADA accommodations between 'all' of Plaintiff's educational efforts." (ECF No. 21, PageID.237, 240.) As these points

points fail to identify any factual or legal error with the R&R or to otherwise provide any reason for the Court not to adopt the R&R, they are improper. Accordingly, Points 3–5, 17, and 18 are OVERRULED.

## IV. Conclusion

For the reasons set forth above, the Court OVERRULES Plaintiff's objection (ECF No. 21), ADOPTS the R&R (ECF No. 19), GRANTS IN PART and DENIES IN PART WITHOUT PREJUDICE Plaintiff's motion to consolidate (ECF No. 15), DENIES AS MOOT WITHOUT PREJUDICE Defendants' motion to dismiss (ECF No. 11), and ORDERS Plaintiff to file a comprehensive amended complaint by December 23, 2026.

IT IS SO ORDERED.

Dated: November 24, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager